■ YACOB YACOB, Plaintiff, v JOEL S. STERN et al., Defendants. JOEL S. STERN et al., Third-Party Plaintiffs-Appellants, v FREDERICK E.M. BALLON et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. — Order of the Supreme Court, New York County (Richard Lee Price, J.), entered August 6, 1982, unanimously modified, on the law, to the extent of striking the second and third decretal paragraphs thereof and substituting therefor a decretal paragraph dismissing the third-party complaint against defendant Ballon, Stoll and Itzler on the ground that it fails to set forth a cause of action, and, as so modified, affirmed, without costs. This matter arises out of the collapse of the American Bank and Trust Company (Bank) and its parent AB & T Corporation. Plaintiff, a foreign national residing in London, and his wife, transmitted to the Bank a sum in excess of $145,000. Instead of depositing the sum in the Bank AB & T issued its commercial paper to them. When the collapse occurred the Bank was taken over by the Federal Deposit Insurance Corporation (FDIC) as receiver. Ultimately, by arrangement with FDIC, some or all of the obligations of the Bank were taken over by Bank Leumi. However,

AB & T, a separate entity, petitioned the bankruptcy court for reorganization. A creditors' committee was selected in the bankruptcy proceeding and the law firm of Ballon, Stoll and Itzler (BSI) was designated as its attorneys. Plaintiff, disturbed by the course of events, communicated with defendant Retter, a member of the New York Bar residing in Florida. Retter recommended that the New York law firm of Stern & Fixler (S & F) be retained by plaintiff and such retention was arranged. S & F communicated with the FDIC and was informed that all proofs of claim against the Bank were required to be filed no later than March 31, 1977. In a further communication FDIC disclaimed all responsibility for obligations of AB & T and referred all inquiries with respect to it to the office of that corporation. It also expressly noted that no proof of claim had been filed with FDIC on behalf of plaintiff. S & F also communicated with BSI. Since BSI was counsel only to the creditors' committee in the AB & T reorganization, its replies were limited solely to that matter. In any event S & F filed no claim with the FDIC although it did file a proof of claim in the AB & T reorganization proceeding. Subsequently, it was ascertained that claims interposed by certain foreign nationals with the FDIC had been honored, although they involved commercial paper issued by AB & T, on the ground that the claimants had been misled by the Bank. Thereupon, plaintiff brought this action against S & F. Interestingly enough, plaintiff retained BSI to bring the action. S & F, in turn, served a third-party complaint against Retter and BSI alleging that plaintiff's loss, if any, arose out of the failure and lack of skill of BSI in the prosecution of plaintiff's claim and by reason thereof, if plaintiff recovers as against them, they are entitled to indemnification or contribution from the third-party defendants. Retter and BSI moved to dismiss. Special Term granted the motion as to Retter on jurisdictional grounds and as to BSI on the ground that the claim is time barred. While S & F appeal from the entire order, they raise no issue as to the disposition of the claim against Retter. Although we agree with the result reached by Special Term, we prefer to place our decision on the ground that the third-party complaint fails to state a cause of action. The Bank receivership and the AB & T reorganization took entirely different paths. BSI represented only the creditors' committee in the AB & T reorganization. Its obligation extended only to the committee and, quite possibly, to creditors represented by the committee. It was not counsel to FDIC as receiver of the Bank and was in no better position than S & F to determine what the FDIC would ultimately determine to do with the claims of foreign nationals. Indeed, the record does not disclose that it undertook to do so. By consequence, we hold that the third-party complaint fails to allege any cause of action against BSI and we amend the order accordingly. Concur — Carro, J. P., Silverman, Bloom, Fein and Kassal, JJ.